IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK BRETT, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MAURA D'ANDREI, *et al.*, | : | NO. 17-5391 |
|     Defendants. | : | |

## MEMORANDUM

TUCKER, J.                                                                                                           DECEMBER 6, 2017

      Plaintiff Frank Brett filed this civil action against several defendants including Governor of New Jersey Chris Christie and several New Jersey politicians associated with what has come to be known as the "Bridgegate" scandal. He also filed a motion to proceed *in forma pauperis*, a motion to file the case under seal, and a motion to "allow my Philadelphia Police Partner the deceased Brian Lorenzo and his wife Linda Lorenzo to be added as plaintiffs at this time." The Court will grant Mr. Brett leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915, because it appears that he is incapable of paying the fees necessary to commence this action. However, the Court will dismiss Mr. Brett's Complaint and deny his remaining motions.

      Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). Furthermore, as Mr. Brett is proceeding *in forma pauperis*, the Court must dismiss his complaint if it is frivolous or fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). A complaint is frivolous if it "lacks

1

an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.*

As is typical of Mr. Brett's numerous filings in federal court, his Complaint is rambling, unclear, and nonsensical. It consists of a stream of consciousness narrative of events dating back several years, some of which do not concern the named defendants. Among other things, Mr. Brett references the Bridgegate scandal and appears to be trying to connect the scandal to the mafia and various strippers. He also alleges that he has been hit by a car, claims that he was stalked "for 7 years in 10 states," and laments that certain individuals have hurt his feelings by saying untrue things about him. As with other civil actions Mr. Brett has filed in this Court, he includes several pages of license plate numbers, which he appears to believe reflect occasions on which he was stalked.

Having reviewed the Complaint, the Court cannot ascertain a clear factual basis for a non-frivolous claim within this Court's jurisdiction. Accordingly, the Court will dismiss the Complaint pursuant to Rule 8 and 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). In light of Mr. Brett's Complaint in this action and his similar complaints in other actions, the Court concludes that amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002). The Court will also deny Mr. Brett's motion to seal, *see Miller v. Indiana Hosp.*, 16 F.3d

549, 551 (3d Cir. 1994), and his motion to "allow my Philadelphia Police Partner the deceased Brian Lorenzo and his wife Linda Lorenzo to be added as plaintiffs at this time." *See Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991). An appropriate order follows, which shall be docketed separately.